JOHN W. SILVERS, Appellant, v. G. HESS, Respondent.

**Kansas City Court of Appeals, January 18, 1892.**

**Bills and Notes:** AGENT TO LOAN MONEY: PURCHASING NOTE: INSTRUCTION. An agent's authority to loan his principal's money is not an authority to buy a note therewith, and such purchase does not make the note the principal's, unless done with his consent or he ratifies the purchase; and an instruction so declaring is approved.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*Holcomb & Smith,* for appellant.

(1) The first instruction was, therefore, calculated to mislead and confuse the jury, and is, therefore, erroneous. *Donahoe v. Railroad,* 83 Mo. 560; *Greer v. Parker,* 85 Mo. 107; *State of Missouri v. Bailey,* 57 Mo. 131. The instruction is so unfortunately worded that it had the effect practically to withdraw from the jury the full and proper consideration of the question, whether the plaintiff was an innocent purchaser of the note before it was due, and it is, therefore, erroneous. *Sigerson v. Pomeroy,* 13 Mo. 620; *Bank v. Murdock,* 62 Mo. 70. (2) The second instruction for defendant is erroneous because it makes no difference whether Clark had authority or not to purchase the note. If he did purchase it with plaintiff's funds, the note became the property of plaintiff. 1 Perry on Trusts, secs. 127, 128, 130; 2 Pomeroy Eq. Juris., secs. 981, 1037; *Phillips v. Overfield,* 100 Mo. 466; *Ferris v. Thaw,* 72 Mo. 446; *Fitzgerald v. Barker,* 85 Mo. 13; *Reinhard v. Coal Co.,* 25 Mo. App. 350.

*W. O. Jackson* and *T. W. Silvers,* for respondent.

(1)   The authorities cited by appellant do not seem to us to bear on the merits of instruction for defendant. (2)   Nor do those cited, as in opposition to instruction 2 for defendant, relate to cases of this kind but to administrators and trusts, and are not in opposition to the general doctrine that, as between principal and agent, the agent cannot exceed his authority, and if he does it is not the act of the principal until he ratifies it. Bishop on Contracts, secs. 375–379.

SMITH, P. J.—This was a suit on a promissory note for $100 which was executed by defendant to H. A. Eberle and by him indorsed to plaintiff.   The answer denied that the plaintiff was the owner of the note or that plaintiff was a purchaser thereof for a valuable consideration before due.   It was further alleged that one H. A. Eberle, pretending to be a physician, entered into a written contract with defendant, G. Hess, to furnish his wife, Kate Hess, medicine for seven months and his daughter three months, and to permanently cure them; and it was especially agreed between said parties in said written contract, that in case said wife and daughter were not cured, then there should be nothing due said H. A. Eberle for his medicine or treatment, and in case they were cured then said G. Hess was to pay him the sum of $100; that said written contract was signed by defendants, G. Hess and Kate Hess, but said Eberle failed to furnish either medicine or services as agreed, and failed to cure either Kate Hess or said daughter; and that at the time of the signing of said written contract by defendant, although they acted in good faith, said Eberle was procuring their signatures to the same with intent to cheat and defraud, and afterward, without the knowledge or consent of defendants or either of them, with intent to cheat and defraud, he, the said Eberle, forged the note in question by altering, changing,

and cutting off a part of said contract so as to leave, instead of the contract signed by them, a negotiable promissory note in form, but which they never executed, and that the instrument sued on herein is the instrument produced by said forger aforesaid. The replication controverted the answer. There was a trial and judgment for the defendant. The plaintiff appealed.

The sole ground of the plaintiff's appeal is that the circuit court erred in declaring the law as requested by defendant. The uncontroverted evidence was that the note was executed in the manner and under the circumstances stated in the answer, and that Clark was an innocent purchaser of the same for value before maturity. The only question of fact about which there was any controversy in the evidence was as to whether Clark was authorized by plaintiff to purchase the note, or if he was not, whether the plaintiff subsequently ratified and adopted his action in that regard.

The first of the defendant's instruction told the jury, as plainly as words could tell them that, if they believed that the plaintiff did not purchase the note until after maturity, then he was not an innocent purchaser and was not entitled to recover, provided they further found the consideration for which the note was given had failed. The second declared that if the plaintiff left a sum of money with Clark to loan, that then the authority to loan was not an authority to buy the note, and if Clark purchased it, without the knowledge or consent of plaintiff, it did not become his by virtue of such purchase unless he ratified such purchase. While the frame and structure of these instructions may be somewhat clumsy, they are not justly subject to the hypercriticism to which they have been subjected by the plaintiff. They with that given for plaintiff covered very fully all the issues made by the pleadings. The instructions given for the plaintiff assert in effect the converse of the hypothesis of the defendant's instruction. As far as we can discover, the

instructions given in the case asserted correct principles of law applicable to the facts which the evidence under the pleadings tended to prove. We can find no ground of error which would justify us in disturbing the judgment of the circuit court, and, therefore, the same must be affirmed. All concur.